```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DALE P. FIELD, JR.,**

       Plaintiff,

v.                             //    CIVIL ACTION NO. 1:16CV149
                                          (Judge Keeley)

**DAVID A. FARMER, in his official
capacity as Director of West Virginia
Regional Jail Authority; PRIMECARE
MEDICAL, INC.; SCOTT VILLERS, in his
official capacity Acting Administrator
Tygart Valley Regional Jail; GARY MOHR,
in his official capacity as Director
of Ohio Department of Rehabilitation
and Corrections; TIM BUCHANAN, in his
official capacity as Warden, Noble
Correctional Institution; JOHN DOE (1),
Transportation Sergeant; JOHN DOE (2);
JOHN DOE (3); JANE DOE (1); and JANE DOE (2),**

       Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 34], GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT.
NOS. 10, 12, 14, 16], AND DISMISSING THIS CASE WITH PREJUDICE**

On July 5, 2016, the pro se plaintiff, Dale P. Field, Jr. ("Field"), filed this action against the defendants (Dkt. No. 1), alleging that, while incarcerated in Tygart Valley Regional Jail and several Ohio correctional facilities, he received medical treatment that was negligent and fell below the applicable standard of care. As a consequence, Field claims that his constitutional rights were violated, and he seeks damages in the amount of $175,000. Pursuant to 28 U.S.C. § 636(b)(1) and the local rules, the Court referred the action to the Honorable Michael J. Aloi,

**Field v. Farmer, et al.**                                               **1:16CV149**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 34], GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 10, 12, 14, 16], AND DISMISSING THIS CASE WITH PREJUDICE**

United States Magistrate Judge, for review and Report and Recommendation ("R&R") (Dkt. No. 4).

On July 7, 2016, Magistrate Judge Aloi granted Field's application to proceed as a pauper, and summonses were sent to the United States Marshals Service for delivery to the defendants (Dkt. Nos. 5; 6). The summonses to the defendants, PrimeCare Medical, Inc. ("PrimeCare"), Scott Villers ("Villers"), David A. Farmer ("Farmer"), Gary Mohr ("Mohr"), and Tim Buchanan ("Buchanan"), were returned executed on August 9, 2016 (Dkt. Nos. 18; 19; 20; 21; 22). The summons to John Doe (1), however, was returned unexecuted (Dkt. No. 17).

On August 5, 2016, Farmer and Villers each moved to dismiss the complaint for failure to state a claim (Dkt. Nos. 10; 12). On August 8, 2016, PrimeCare filed a motion to dismiss (Dkt. No. 14), and Mohr and Buchanan also jointly moved to dismiss (Dkt. No. 14). Field responded to each of these motions in turn (Dkt. Nos. 31; 32; 33), and Farmer and Villers filed a joint reply (Dkt. No. 28).

In an R&R dated December 16, 2016, Magistrate Judge Aloi recommended that the defendants' motions to dismiss be granted (Dkt. No. 34). First, he reasoned that PrimeCare is not a "person" within the meaning of 42 U.S.C. § 1983. Id. at 9. Next, he

2

**Field v. Farmer, et al.                                     1:16CV149**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 34], GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 10, 12, 14, 16], AND DISMISSING THIS CASE WITH PREJUDICE**

concluded that the complaint failed to state a claim against both Farmer and Vickers because they are named only in their official capacity. Field, however, made no specific allegations against them nor pleaded the necessary elements to establish supervisory liability. Id. at 12. Moreover, Field failed to establish the minimum contacts necessary for the Court to exercise jurisdiction over Mohr and Buchanan, both Ohio prison officials. Id. at 12-14. Finally, the R&R recommended that the unnamed defendants be dismissed because Field failed to make any specific allegations or claims against any of them. Id. at 14.

In the R&R, Magistrate Judge Aloi notified Field of his right to file any objections to the recommendations within fourteen days following his receipt of the R&R. See 28 U.S.C. § 636(b)(1)(C). "The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Failure to file specific objections waives appellate review of both factual and legal questions. See United States v.

Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Although Field received the R&R on December 19, 2016, he has not filed any objections (Dkt. No. 35). Therefore, the Court is under no duty to conduct a de novo review of Magistrate Judge Aloi's findings. Furthermore, following a review of the R&R and the record for clear error, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 34).

In conclusion, the Court:

1. **ADOPTS** the R&R (Dkt. No. 34);
2. **GRANTS** the defendants' motions to dismiss (Dkt. Nos. 10; 12; 14; 16); and
3. **DISMISSES** the complaint (Dkt. No. 1) **WITH PREJUDICE** and **ORDERS** that this case be **STRICKEN** from the active docket of this Court.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested, and to enter a separate judgment order.

DATED: January 9, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE